UNITED STATES BANKRUPTCY COURT
MIDDLE DISTRICT OF FLORIDA
ORLANDO DIVISION

FILED
SEP 07 2011
CLERK U.S. BANKRUPTCY,
ORLANDO DIVISION

In re:

JOCELYNN RIDLEY and
FREDERIC RIDLEY,

    Debtors.
_____/

JOCELYNN HARROD,

    Plaintiff,

v.

U.S. DEPARTMENT OF EDUCATION and
NORTHWESTERN UNIVERSITY,

    Defendants.
_____/

Case No. 6:08-bk-08300-ABB
Chapter 7

Adv. Pro. No. 6:09-ap-00881-ABB

## MEMORANDUM OPINION

This matter came before the Court on the Motion requesting judgment on dischargeability of student loan obligations to Northwestern University (Doc. No. 20) filed by the *pro se* Plaintiff/Debtor Jocelynn Harrod, a/k/a Jocelynn Ridley. A hearing was held on August 10, 2011 at which Plaintiff was present. Judgment by default is due to be entered in favor of Plaintiff for the reasons set forth herein. The Court makes the following Findings of Fact and Conclusions of Law after reviewing the pleadings and evidence, hearing arguments, and being otherwise fully advised in the premises.

## *Procedural History*

Plaintiff filed an adversary complaint, naming the U.S. Department of Education ("DOE") and Northwestern University as Defendants, seeking the discharge of student loan obligations for undue hardship pursuant to 11 U.S.C § 523(a)(8).

The DOE and the Plaintiff reached a consensual agreement and the DOE loans were deemed dischargeable pursuant to the Final Consent Judgment entered on December 15, 2010 (Doc. No. 18).

Northwestern University failed to respond to the complaint. Plaintiff filed a Motion requesting final judgment (Doc. No. 20). A hearing on Plaintiff's motion was held on May 17, 2001. No party appeared at the hearing. The Court found there had been no summons issued for Northwestern University and they had not been properly served. Plaintiff was ordered to serve a summons on Northwestern University and file proof of service pursuant to the governing rules (Doc. No. 26). Plaintiff complied with the Court's order (Doc. No. 32). Northwestern University was served on June 27, 2011.

A continued hearing on Plaintiff's motion was held on August 10, 2011. Plaintiff was present at the hearing. She was ordered to submit a summary of the factual basis for her complaint, and all evidence supporting her claim of undue hardship. Northwestern University failed to appear. The Court ordered Northwestern to respond to the complaint within fourteen (14) days.

Northwestern University has failed to respond to the complaint or appear in this adversary proceeding.

### *Findings of Fact*

Plaintiff received a $12,000.00 student loan from Northwestern University to partially finance her degree in education. Plaintiff's health started to deteriorate in 2003. Her health condition caused severe physical symptoms which hindered her ability to work. The condition progressed and eventually resulted in dismissal from her job at the Chicago Public Schools system in 2004 due to excessive absences. Her attempts to return to work between 2004 and 2006 were interrupted by health complications, medical treatment and hospitalizations. Plaintiff's physical inability to continuously work and earn income prompted her to apply for social security disability income. Her physician submitted a request to the DOE to discharge her student loan obligations based on permanent disability in 2004. Plaintiff requested forbearance of her DOE and Northwestern University student loans while the requests to the Social Security Administration and DOE were pending.

Plaintiff was approved social security disability income in 2007. She receives $1,181.00 per month, and each of her three children receive $244.00 per month until they reach 18 years old. Her husband's gross monthly income is $2,100.00 and his take home pay is $1,446.00 per month. The household's total monthly income is $3,359.00, while their necessary expenses exceed $3,800.00 per month. Plaintiff's oldest child also has a medical condition that requires treatment and additional medical expenses.

Plaintiff contends she does not have the financial ability to pay the student loan to Northwestern University, and doing so would cause an undue hardship on herself and her dependents.

Plaintiff's circumstances meet the undue hardship requirement of Section 523(a)(8). Plaintiff's current inability to repay the loan is evident given her household income is less than the monthly expenses necessary to maintain a "minimal" standard of living for herself and her dependents. Plaintiff suffers from a severe and permanent medical condition. Plaintiff's illness is an exceptional circumstance that is likely to persist, suggesting she will be unable to repay the loan over a significant portion of the repayment period. Her attempts to go back to work have only worsened her condition. The Social Security Administration determined Plaintiff was eligible to receive social security disability income due to her inability to return to work with success. The Department of Education agreed to discharge $195,944.24 in student loan obligations. Her several attempts to continue working from 2004 to 2006, support the conclusion that she made a good faith attempt to earn income and repay the loan. Plaintiff's inability to work has been caused by reasons beyond her control.

The student loan to Northwestern University is dischargeable. Judgment is due to be entered in favor of Plaintiff and against Northwestern University.

### *Conclusions of Law*
### *11 U.S.C. § 523(a)(8)*

Section 523(a)(8) of the Bankruptcy Code "provides that student loans generally are not to be discharged. A narrow exception is made, however, where 'excepting such debt from discharge . . . will impose an undue hardship on the debtor and the debtor's dependents.'" Education Credit Management Corp., v. Mosley, 494 F.3d 1320, 1324 (11th Cir. 2007) (quoting 11 U.S.C. Section 523(a)(8)).

4

Undue hardship is a mixed question of fact and law. Id. at 1324 (citation omitted). The Bankruptcy Code does not define undue hardship; the Eleventh Circuit has adopted the standard set forth in Brunner v. New York State Higher Education Services Corp., 831 F.2d 395, 396 (2d Cir.1987). Mosley, 494 F.3d at 1324 (citing Hemar Ins. Corp. of Am. v. Cox, 338 F.3d 1238, 1241 (11th Cir. 2003)). The debtor must demonstrate by a preponderance of the evidence:

> (1) that the debtor cannot maintain, based on current income and expenses, a "minimal" standard of living for [herself] and [her] dependents if forced to repay the loans;
>
> (2) that additional circumstances exist indicating that this state of affairs is likely to persist for a significant portion of the repayment period of the student loans; and
>
> (3) that the debtor has made good faith efforts to repay the loans.

Mosley, 494 F.3d at 1324-25 (quoting Brunner, 831 F.2d at 396). The Brunner test "[r]equir[es] evidence not only of current inability to pay but also of additional, exceptional circumstances, strongly suggestive of continuing inability to repay over an extended period of time." Brunner, 831 F.2d at 396.

### *Analysis*

Plaintiff has established she is entitled to entry of an order discharging her student loan obligation to Northwestern University as repayment of the debt would impose an undue hardship on her and her dependents. The total household income is consumed by expenses necessary to maintain a "minimal" standard of living for Plaintiff, her husband and their three minor children. There are no surplus funds available for loan repayment. Plaintiff suffers from an irreversible health condition. The disease manifests physical

symptoms which impede her ability to work. Plaintiff's illness constitutes an exceptional circumstance beyond her control that is likely to persist for a significant portion of the repayment period. Her attempts to continue working after the onset of her condition demonstrate good faith efforts to repay the loan. Plaintiff has demonstrated undue hardship warranting the discharge of her student loan indebtedness.

Northwestern University has failed to respond to the complaint. Plaintiff's motion is due to be granted. Judgment by default is due to be entered against Northwestern University pursuant to Federal Rule of Bankruptcy Procedure 7055.

Accordingly, it is

**ORDERED, ADJUDGED and DECREED** that the Plaintiff's Motion is hereby **GRANTED**; it is further

**ORDERED, ADJUDGED and DECREED** that Judgment by default is entered against Northwestern University; and it is further

**ORDERED, ADJUDGED and DECREED** that the student loan obligation owed to Northwestern University is **DISCHARGEABLE** pursuant to 11 U.S.C. §523(a)(8).

A separate Judgment consistent with these Findings of Fact and Conclusions of Law shall be entered contemporaneously.

Dated this 9th day of September, 2011.

ARTHUR B. BRISKMAN
United States Bankruptcy Judge